ROSA YOUNG *v.* LOUISVILLE & NASHVILLE R. Co.

[Abstract Kentucky Law Reporter, Vol. 6—309.]

**Wilful Neglect.**

> A railroad company is not required to furnish the very best and latest improvement in machinery but only that which is reasonably proper when judged by what has been shown to be best by experience and use and the company can not be held to be wilfully negligent in the killing of one of its employes because it did not furnish for use the very latest and best improvement. The company can not be held liable for wilful neglect by its failure to use the latest improved frog.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 7, 1884.

OPINION BY JUDGE HOLT:

The appellant, Rosa Young, as the widow of James Young, brought this action under section 3 of Chapter 57 of the General Statutes, to recover damages for the killing of her husband by the alleged wilful neglect of the appellee.

The accident occurred during the night of November 30, 1879, in the yard of the appellee in Louisville, Kentucky, the appellant being then in the employ of the company as a switchman, and while so engaged his foot became fastened in a frog, and he was killed by a moving train.

It appears that the frog was known as the "T" iron or steel rail, which is of concave shape and not solid; and it is alleged that it is unsafe and dangerous and not as safe as what is known as the cast or solid frog; and that the appellant was guilty of wilful neglect by using it in its yard; and did so for economy but at the risk of human life; and also that the deceased was injured by the wilful neglect of appellant's agents in moving its train.

No testimony whatever was offered to sustain the last charge.

No one was introduced who was an eye witness to the transaction. The plaintiff proved the injury to and death of her husband; that immediately after the accident his shoe was found fastened in the frog, and that it was of the "T" iron or steel spring rail make; and testimony was also offered as to whether it was the safest and most improved kind of frog in use.

The answer put in issue the charge of neglect; and also relied upon an alleged written release by the plaintiff of all claim to damages arising out of the injury to her husband; but it is unnecessary to notice the last defense, owing to the conclusion that the court has reached as to the first question.

At the close of the plaintiff's testimony in the lower court the jury were, upon defendant's motion, peremptorily instructed to find for the company; and of this the appellant complains.

It is eminently proper that railroad companies should be held to strict accountability owing to the privileges given them and the vast importance of the trusts confided to them.

They must use such machinery and improvements as are commonly used upon railroads and which use and experience have shown are best calculated to diminish the dangers incident to their management; but so much is not to be required of them as to render railroad travel impracticable, and thereby inflict an injury upon the public greater than that intended to be remedied.

They are not therefore required to furnish the very best and latest improvement in machinery but only that which is reasonably proper when judged by what has been shown to be best by experience and use. *Kentucky Central Railroad Company v. Thomas' Administratrix, 79* Kentucky 160.

In this instance the plaintiff's testimony shows, that there are various kinds of frogs in use; that some roads use one kind and some another; that it is a vexed and open question about which experts differ as to whether the cast, solid frog, or the "T" spring rail frog is the safest.

Under this state of case even if the solid frog is in fact the safest the appellee could not be held liable for wilful neglect by its non-use, because this character of neglect can not arise from an honest error of judgment.

It exists where there is an intentional disregard of a manifest duty, in the performance of which the public and the person in-

jured have an interest; and from the non-performance of which bad faith may be implied; and a mistake of judgment is certainly not such an intentional disregard of the rights of others as to be anti-social in its character.

Ordinarily the question of negligence must be determined by the jury. If upon trial there is any evidence of its existence or the testimony is in the least conflicting the court should not interfere with this province of the jury; but in this instance there is a total absence of testimony even tending to show any wilful neglect and therefore the peremptory order of the lower court given to the jury to find for the defendant was correct.

It is perhaps unnecessary in view of what has already been said to allude to the assignment of error by the appellant based upon the rejection of the testimony of one Boyle, who was offered to prove that he had been injured in the appellee's yard by a moving train by reason of his foot being caught in a frog prior to the injury to the decedent; and that thereby appellee had been notified of the dangerous character of the frog.

The avowal as to what he would prove was probably insufficient to raise the question as to its competency. The counsel simply stated what he wished to prove by him, and not what he would prove; but waving this objection the testimony was incompetent.

The judgment is *affirmed*.

*Whittaker & Parsons, Geo. C. Drane, Isaac H. Trabue,* for appellant.

*Wm. Lindsay,* for appellee.